**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

BIG SKY TRADING LLC,

      Plaintiff,

v.

ALFALFA'S MARKET, INC.,

      Defendant.

---

## COMPLAINT

---

For its Complaint, the plaintiff respectfully states as follows:

## <u>THE PARTIES</u>

1.      Big Sky Trading LLC ("*Plaintiff*") is a Colorado limited liability company with offices located at 5301 Peoria St., Unit C, Denver, Colorado 80239.

2.      Plaintiff buys and sells wholesale quantities of perishable agricultural commodities (hereinafter "*Produce*") in both interstate and foreign commerce.

3.      Plaintiff trades in fresh fruit and vegetable commodities the United States Department of Agriculture ("*USDA*") expressly recognizes as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t (2016) ("*PACA*").

4.      At all times relevant hereto, Plaintiff was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

5.      At all times relevant hereto Plaintiff operated its business under a valid United States Department of Agriculture ("*USDA*") issued PACA License, which the USDA has identified as License No.: 20040292.[1]

6.      Defendant Alfalfa's Market, Inc. ("*Defendant*") is a Colorado corporation with its principal place of business located at 1645 Broadway, Boulder, Colorado 80302.  At all relevant times to this action, Defendant:

(a)      operated grocery or retail stores located in Boulder, Colorado, Longmont, Colorado, and Louisville, Colorado;

(b)      operated, conducted, and otherwise was engaged in or carried on the business of buying and selling Produce in interstate or foreign commerce;

(c)      operated, conducted, and otherwise was engaged in or carried on the business of buying and selling Produce in purchasing and selling wholesale or jobbing quantities of Produce;

(d)      operated, conducted, and otherwise was engaged in or carried on the business of making Produce sales directly to consumers via its retail locations in Boulder, Colorado, Louisville, Colorado, and Longmont, Colorado;

(e)      committed certain tortious acts, as set forth herein, within the State of Colorado;

---

[1] A true and correct copy of Plaintiff's PACA license is attached hereto as <u>Exhibit A.</u>

(f)     sold Plaintiff's Produce within, *inter alia*, the State of Colorado and in the ordinary course of its Produce-related retail sales business; and

(g)     upon information and belief,[2] sold the Produce identified on Plaintiff's unpaid invoices to third parties and failed to use the proceeds of any such sales to pay Plaintiff.

7.      At all times relevant hereto, Defendant was engaged, directly or indirectly, in the business of purchasing and selling Produce in interstate or foreign commerce—and was and currently is, therefore, a "dealer" under PACA.  *See* 7 U.S.C. § 499a(6) and 7 CFR § 46.2(m).

8.      At all times relevant hereto, Defendant was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by PACA.

9.      Because Defendant, as a retailer, purchases in excess of $230,000.00 of Produce each calendar year, Defendant was, therefore, a "dealer" under PACA.  *See* 7 U.S.C. § 499a(6) and 7 CFR § 46.2(m).

10.     At all times relevant hereto, Plaintiff sold to Defendant, and Defendant bought from Plaintiff, perishable agricultural commodities consisting of avocado, cabbage, celery, greens, ginger, lettuce, oranges, radish, potatoes, carrot, chard, pomegranate, squash, fennel, cilantro,

---

[2] On or upon "information and belief," as used herein, means Plaintiff is informed and believes a fact or condition to be true and, upon such information and belief, alleges the fact or condition in connection with the instant complaint.  Such allegations are based upon investigation and derived from certain sources, including Plaintiff's conversations with Defendant, e-mail correspondence with Defendant, publicly available government documents, relevant statements or information contained on Defendant-owned or controlled websites, Plaintiff's communications with or received from Defendant, Plaintiff's and Defendant's relevant produce transaction documents, documents Defendant provided Plaintiff, and relevant third party documents.

Romanesco, spinach, pears, choy, kale, leeks, turmeric, parsley, escarole, beets, garlic, cauliflower, shallots, jicama, parsnips, onions, pineapple, mango, fresh corn, dandy, papaya, daikon, arugula, bell pepper, and tomato.

11.     The USDA provides a list of perishable agricultural commodities covered under PACA,[3] which includes avocado, cabbage, celery, greens, ginger, lettuce, oranges, radish, potatoes, carrot, chard, pomegranate, squash, fennel, cilantro, Romanesco, spinach, pears, choy, kale, leeks, turmeric, parsley, escarole, beets, garlic, cauliflower, shallots, jicama, parsnips, onions, pineapple, mango, fresh corn, dandy, papaya, daikon, arugula, bell pepper, and tomato.

12.     At all times relevant hereto, Defendant acted or failed to act by and through its officers, directors, shareholders, and agents or employees.

## JURISDICTION AND VENUE

13.     The District Court has subject matter jurisdiction over this civil action arising under 7 U.S.C. § 499e(b)(2) ("liability may be enforced by … suit in any court of competent jurisdiction….") and 7 U.S.C. § 499e(c)(5) ("the several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust") of the PACA, pursuant to 28 U.S.C. § 1331 and because this matter involves the interpretation of a federal statute.

14.     The District Court also has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1337 because PACA qualifies as an "Act of Congress regulating commerce" and several of Plaintiff's claims herein arise under 7 U.S.C. § 499e(b)(2) and 7 U.S.C. § 499e(c)(5).

---

[3] *See* https://www.ams.usda.gov/sites/default/files/media/Commodities%20Covered%20by%20PACA.pdf

15.     The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

16.     The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

17.     Venue in this district is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is or was situated within this district.

## NATURE OF THE CASE

18.     This is a civil action for monetary and injunctive relief, pursuant to which Plaintiff seeks to enforce its rights against the Defendant under both PACA's Trust and Unfair Conduct provisions and further seeks to enforce its rights under state law (e.g., breach of contract, breach of fiduciary duty and tortious interference with receipt of trust assets).

19.     As set forth in detail herein, Plaintiff is the holder of a properly perfected PACA trust claim in the current amount of not less than $76,019.42, plus further interest at the statutory rate of 1.5% per month (18% APR) and contractually due costs of collection, including attorneys' fees, as sums owing in connection with the Plaintiff's unpaid Produce transactions with Defendant.

20.     Further, Defendant has committed willful, repeated, and flagrant violations of Section 2 of PACA (i.e., Unfair Conduct provisions) and, as a direct result of said violations, Plaintiff has incurred damages of not less than $76,019.42, plus further interest at the statutory rate of 1.5% per month (18% APR) and contractually due costs of collection, including attorneys' fees, as sums owing in connection with the Plaintiff's unpaid Produce transactions with Defendant.

## FACTUAL ALLEGATIONS

21.     Between December 14, 2020 and March 1, 2021, Plaintiff and Defendant entered into multiple contracts under which Plaintiff agreed to sell Defendant Produce, and Defendant agreed to purchase the Produce identified in the chart and unpaid invoices attached hereto and incorporated herein as Exhibit B.

22.     Plaintiff sold to Defendant, and Defendant purchased from Plaintiff, Produce valued at the current aggregate amount of $76,019.42, including interest and attorneys' fees, as set forth in Exhibit B.

23.     At all times relevant hereto, Plaintiff sold to Defendant, and Defendant bought from Plaintiff, perishable agricultural commodities originating from locations in Mexico and throughout the United States and  delivered to Defendant's grocery store locations in Boulder, Colorado, Longmont, Colorado, and Louisville, Colorado.  *See* Exhibit B.

24.     Defendant received and accepted Plaintiff's Produce in interstate and foreign commerce.  *See* Exhibit B.

25.     Defendant acknowledged its receipt and acceptance of the Produce identified on each of Plaintiff's unpaid invoices by signing each invoice during Defendant's unloading and receiving process.  *See* Exhibit B.

26.     Plaintiff sold Defendant, and Defendant bought from Plaintiff, perishable agricultural commodities consisting of avocado, cabbage, celery, greens, ginger, lettuce, oranges, radish, potatoes, carrot, chard, pomegranate, squash, fennel, cilantro, Romanesco, spinach, pears, choy, kale, leeks, turmeric, parsley, escarole, beets, garlic, cauliflower, shallots, jicama, parsnips,

onions, pineapple, mango, fresh corn, dandy, papaya, daikon, arugula, bell pepper, and tomato. *See* Exhibit B.

27.     Defendant's Produce transactions with Plaintiff involved Produce the USDA expressly recognizes as covered commodities under PACA.

28.     Defendant purchased and received Produce from Plaintiff which included, *inter alia*, a single shipment consisting of approximately 67 cases of various Produce items (e.g., carrots, pears, squash, oranges, avocado, cabbage, potatoes, etc.) that totaled not less than 2,028 pounds. Thus, the Produce transactions between Defendant and Plaintiff involved wholesale or jobbing quantities of Produce because individual transactions between the parties involved Produce weighing in excess of 2,000 pounds.  A true and correct copy of Plaintiff's Invoice No. 42099 to Defendant is attached hereto and incorporated herein as Exhibit C.

29.     Defendant, as a retailer, purchased from Plaintiff and other suppliers in excess of $230,000.00 of Produce during the 2020 calendar year.

30.     Defendant is a "dealer" under PACA.  *See* 7 U.S.C. § 499a(6)

31.     Plaintiff issued to Defendant, and Defendant received, each of the invoices contained in Exhibit B.

32.     As a dealer of Produce, Defendant possessed a duty to deal fairly with Plaintiff and in good faith.[4]

33.     Defendant was obligated to promptly pay Plaintiff for the Produce listed in Exhibit B within ten (10) days of its receipt and acceptance of the Produce.

---

[4] "Good faith," as used herein, means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.  7 C.F.R. § 46.2(hh).

34.     Plaintiff utilized the invoices listed in <u>Exhibit B</u> to perfect and otherwise preserve its PACA trust rights in and to each load of Produce listed therein.

35.     Each of Plaintiff's invoices contained the following language preserving its beneficial interest in and to Defendant's PACA trust assets:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 USC § 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other produces derived from these commodities, and any receivables or proceeds from the sale of the commodities until full payment is received."

*See* <u>Exhibit B</u>.

36.     Plaintiff's invoices also provided that:

> "Buyer agrees to pay all costs of collection, including attorneys' fees and costs as additional sums owed in connection with this transaction in the event collection action becomes necessary.  Interest will accrue on any past-due balance at the rate of 1 and 1/2% per month (18% per annum)."

*See id.*

37.     The Defendant failed to object to Plaintiff's inclusion of the contract language quoted in paragraphs 35 and 36 above as a material part of the parties' agreement.

38.     The contract language quoted in paragraphs 35 and 36 above represents a material part of Plaintiff's standard contract terms.

39.     Plaintiff's inclusion of the contract language quoted in paragraphs 35 and 36 above represents a standard industry practice and, as such, is of no surprise to Defendant.

40.     Plaintiff's inclusion of the contract language quoted in paragraphs 35 and 36 above represents bargained for terms and the sums detailed therein are sums owing in connection with each Produce transaction.

41.     Plaintiff is an unpaid supplier of Produce because the Defendant failed to pay for any of the Produce identified in the invoices contained in Exhibit B.

42.     The Defendant failed to pay or otherwise deliver good funds to the Plaintiff in the amount set forth in Exhibit B, despite repeated demands from the Plaintiff.

43.     Additionally, upon information and belief, Defendant failed to preserve sufficient funds to fully satisfy all qualified PACA claims, such as Plaintiff's claims for unpaid Produce transactions as asserted in this action.

44.     Defendant failed to ensure that Defendant's funds were freely available to satisfy its outstanding obligations to Plaintiff or other similarly situated Produce suppliers.

45.     Upon information and belief, at all times relevant hereto, Defendant lacked the liquidity or free cash flow to pay Plaintiff for any of the shipments of Produce listed in Exhibit B.

46.     Upon information and belief, Defendant lacked adequate capitalization to pay its Produce suppliers and to sustain any losses resulting from a downturn in its grocery operations.

47.     Defendant improperly shifted the risk of Defendant's undercapitalization or bad debt risk to Plaintiff and its other unpaid Produce suppliers.

48.     Upon information and belief, at all times relevant hereto, Defendant was insolvent.

49.     Upon information and belief, at all times relevant hereto, Defendant's liabilities exceeded its assets.

50.     Upon information and belief, the officers, directors, shareholders, and agents of Defendant possessed actual and constructive knowledge of Defendant's insolvency.

51.     The officers, directors, shareholders, and agents of Defendant failed to voluntarily cease business operations and to otherwise refrain from receiving and accepting Produce on credit

while Defendant was either insolvent or during a time when Defendant's liabilities exceeded its assets or it was unable to pay its undisputed debts when they became due.

### FIRST CLAIM FOR RELIEF
**Enforcement of the PACA Trust**

52.      Plaintiff re-alleges paragraphs 1 through 12 and 21 through 51 as though fully set forth herein.

53.      The Defendant is in possession, custody and control of the Produce Plaintiff sold to Defendant and all assets derived from the Defendant's subsequent sale of that Produce, including, without limitation: (i) food or products derived from Produce; (ii) accounts receivable; (iii) proceeds from the sale of Produce; (iv) cash; (v) any other assets commingled with proceeds of Produce; and (vi) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in the Defendant's name (collectively the "*PACA Trust Assets*") for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

54.      The Defendant failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in Exhibit B.

55.      The Defendant failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

56.      The matters and actions alleged in this First Claim for Relief constitute a violation by Defendant of Section 2 of the PACA.

57.      As a direct result of the Defendant's failure to properly protect the PACA Trust Assets from dissipation, the Plaintiff has suffered damages which are covered under the PACA

trust in an amount not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

58. On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing the Defendant to immediately turn over to the Court Registry all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

## SECOND CLAIM FOR RELIEF
**PACA Violation: Failure to Maintain Trust**

59. Plaintiff re-alleges paragraphs 1 through 12 and 21 through 58 as though fully set forth herein.

60. Plaintiff and Defendant entered into multiple transactions involving Plaintiff's sale of Produce to Defendant and Defendant's receipt and acceptance of said Produce between December 14, 2020 and March 1, 2021 (the "*Sales Period*"). Each of these transactions are identified in Exhibit B.

61. During the Sales Period, upon information and belief, Defendant lacked the liquidity or free cash flow to pay Plaintiff for the Produce transactions identified in Exhibit B.

62. During the Sales Period, Defendant's PACA Trust Assets were not freely available to satisfy its outstanding obligations to the Plaintiff or other similarly situated PACA trust beneficiaries.

63. Upon information and belief, Defendant issued checks or otherwise made payments to various entities and individuals during the Sales Period while Plaintiff's Produce-related invoices to Defendant remained unpaid.

64.     Upon information and belief, Defendant issued checks or otherwise made payments to entities and individuals other than its unpaid Produce suppliers, including Plaintiff herein, during the Sales Period.

65.     Defendant's issuance of checks or other payments to entities and individuals other than its unpaid Produce suppliers, including the Plaintiff herein, during the Sales Period is inconsistent with its obligation to maintain its PACA Trust Assets freely available to satisfy its obligations to its Produce suppliers.

66.     The matters and actions or inactions alleged in this Second Claim for Relief constitute violations by Defendant of Section 2 of the PACA.

67.     As a direct result of the Defendant's aforementioned actions and inactions, Plaintiff has incurred damages in an amount not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

### THIRD CLAIM FOR RELIEF
### PACA Violation (Unfair Trade Practice): Failure to Promptly Pay (7 U.S.C. § 499b(4))

68.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 67 as though fully set forth herein.

69.     As a dealer of Produce, Defendant possessed a statutory duty to promptly pay Plaintiff for any and all Produce transactions.

70.     Throughout the Sales Period, Defendant received and accepted every shipment of Produce identified in the Chart and Unpaid Invoices attached hereto as Exhibit B.

71.     Defendant acknowledged its receipt and acceptance of the Produce identified on each of Plaintiff's unpaid invoices by signing each invoice during Defendant's unloading and receiving process.

72.     Payment was due to Plaintiff within ten (10) days of its receipt and acceptance of the Produce identified on each unpaid invoice illustrated in Exhibit B.

73.     Throughout the Sales Period, Defendant wholly failed to pay Plaintiff within the applicable payment terms that were in effect at the time of the transactions.

74.     The Produce-related invoices from Plaintiff to Defendant, which are identified in Exhibit B, remain unpaid.

75.     Upon information and belief, at all times relevant hereto, Defendant lacked the ability to pay its creditors in the ordinary course of business and was insolvent.

76.     The matters and actions or inactions alleged in this Third Claim for Relief constitute violations by Defendant of Section 2 of the PACA.

77.     As a direct result of Defendant's failure to pay Plaintiff within terms, the Plaintiff has incurred damages in an amount not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

**FOURTH CLAIM FOR RELIEF**
**Breach of Contract**

78.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 51 as though fully set forth herein.

79.     Plaintiff and the Defendant entered into multiple sales transactions, which are identified in Exhibit B.

80.     In the Produce transactions, Plaintiff agreed to sell Produce to the Defendant and the Defendant agreed, *inter alia*, to purchase, receive, and accept Produce from Plaintiff.

81.     Plaintiff delivered or otherwise caused all the Produce identified in Exhibit B to be delivered to the Defendant and has satisfied all conditions of its contract with Defendant.

82.     Defendant received and accepted all of the Produce identified in <u>Exhibit B</u> within the State of Colorado.

83.     Defendant failed to reject or otherwise object to its receipt of any load of Produce identified in <u>Exhibit B</u>.

84.     Upon information and belief, Defendant resold all of the Produce identified in <u>Exhibit B</u> to its customers.

85.     Defendant failed to pay or otherwise deliver good funds to Plaintiff for each shipment of Produce identified in the invoices included in <u>Exhibit B</u> within the applicable payment terms that were in effect at the time of each transaction.

86.     Upon information and belief, at all times relevant hereto, Defendant lacked the ability to pay its creditors in the ordinary course of business and was insolvent.

87.     Plaintiff is an unpaid supplier of Produce due to Produce-related invoices to the Defendant that remain unpaid.

88.     As a direct result of Defendant's breaches of contract, Plaintiff has incurred damages in an amount not less than $76,019.42, plus further interest and all contractually due costs of collection, including attorneys' fees, incurred in this action.

**FIFTH CLAIM FOR RELIEF**
**PACA Violation (Unfair Trade Practice): Breach of Express or Implied Duty**
**(7 U.S.C. § 499b(4))**

89.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 77 as though fully set forth herein.

90.     As a dealer of Produce, Defendant possessed a duty to "perform any specification or duty, express or implied, arising out of any undertaking in connection with any [Produce] transaction" with Plaintiff and other similarly situated PACA trust beneficiaries.

91.     As a dealer of Produce, Defendant possessed a duty to "make full payment promptly" to Plaintiff and other similarly situated PACA trust beneficiaries.

92.     As a dealer of Produce, Defendant possessed a duty to "exercise reasonable care and diligence in disposing of the produce promptly and in a fair and reasonable manner."

93.     Defendant's failure to pay Plaintiff for the Produce transactions identified in Exhibit B constitutes a violation of an express duty under Section 2 of PACA.

94.     Defendant's failure to use reasonable care in disposing of Plaintiff's Produce (i.e., selling it to third parties and not paying Plaintiff for the same) constitutes a violation of an express duty under Section 2 of PACA.

95.     Defendant's use or disposition of any funds or other PACA Trust Assets in a manner that impairs or endangers the Defendant's ability to faithfully and promptly pay Plaintiff and other similarly situated PACA trust beneficiaries constitutes a violation of an express duty under Section 2 of PACA.

96.     As a direct and proximate result of Defendant's breaches of its express and implied duties under PACA, Plaintiff has incurred damages in an amount not less than $76,019.42, plus further interest and all contractually due costs of collection, including attorneys' fees incurred in this action.

### SIXTH CLAIM FOR RELIEF
**Breach of Good Faith and Fair Dealing Under PACA**

97.     Plaintiff re-alleges paragraphs 1 through 12 and 21 through 77 as though fully set forth herein.

98.     As a dealer of Produce, Defendant possessed a statutory duty to deal with Plaintiff pursuant to a standard of honesty in fact and were further obligated to observe commercial standards of fair dealing in the Produce trade, which standard is defined, *inter alia*, in Section 2 of PACA.

99.     Defendant breached its obligation of good faith and fair dealing by, among other things, receiving and accepting Produce from Plaintiff on credit when the Defendant knew or should have known of the Defendant's insolvency; selling Plaintiff's Produce to third parties and failing to pay Plaintiff for the Produce shipments identified in Exhibit B; and, making false statements or promises regarding payment to Plaintiff regarding said Produce transactions.

100.     As a direct and proximate result of Defendant' wrongful conduct, Plaintiff has been damaged in an amount not less than $76,019.42 plus further interest and all contractually due costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff respectfully seeks the entry of an Order providing as follows:

A)     As to the First Claim for Relief:  (i) entry of an Order creating a common fund and/or otherwise compelling the preservation of the Defendant's PACA Trust Assets for the benefit of the Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entry of an Order directing the Defendant to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff, (iii) entry of an order directing Defendant to cease and desist all

business operations unless and until the Court is completely satisfied that Defendant is properly capitalized, not insolvent, and able to operate in compliance with PACA, and; (iv) entry of a Final Judgment in favor of Plaintiff and against the Defendant in the current amount of not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action;

B)      As to the Second Claim for Relief, entry of a Final Judgment in favor of Plaintiff and against the Defendant for failing to maintain the PACA trust, in the current amount of not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other claims herein;

C)       As to the Third Claim for Relief, entry of a Final Judgment in favor of Plaintiff and against the Defendant, for failing to promptly pay Plaintiff, in the current amount of not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other claims herein;

D)      As to the Fourth Claim for Relief, entry of a Final Judgment in favor of Plaintiff and against the Defendant for breach of contract in the current amount of not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other claims herein;

E)      As to the Fifth Claim for Relief, entry of a Final Judgment in favor of Plaintiff and against the Defendant for its breach of express or implied duties under PACA in the current amount of not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other claims herein;

F)      As to the Sixth Claim for Relief, entry of a Final Judgment in favor of Plaintiff and against the Defendant for its breach of its duty of good faith and fair dealing under PACA, in the current amount of not less than $76,019.42, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other claims herein; and

G)      Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Dated: March 5, 2021

Respectfully submitted,

  s/ Kyler K. Burgi
Kyler K. Burgi
Michael S. Richardson
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone:  303.892.9400
Facsimile: 303.893.1379
Email: kyler.burgi@dgslaw.com
        mike.richardson@dgslaw.com

AND

Jason R. Klinowski
KLINOWSKI DAMIANO LLP
P.O. Box 43404
Birmingham, Alabama 35243
Telephone: 205.644.8881
Facsimile: 205.644.8489
Email: jklinowski@aglawyer.com

*Attorneys for Plaintiff Big Sky Trading LLC*